## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DEBRA FULLINGTON,      )
               )
        Plaintiff,    )
     vs.            )     Case No. 21-2287-DDC-KGG
               )
ILLINOIS TOOL WORKS, INC.,  )
               )
        Defendant.    )
_____)

## MEMORANDUM & ORDER ON MOTION TO COMPEL

Now before the Court is Plaintiff's Motion to Compel.  (Doc. 42.)  Having reviewed the submissions of the parties, Plaintiff's motion is **GRANTED**.

## BACKGROUND

Plaintiff brings this action pursuant to the Age Discrimination in Employment Act of 1967 ("ADEA") as a result of her termination from employment with Defendant Illinois Tool Works Inc.  (Doc. 41.)  Plaintiff alleges she was placed on "a grossly unfair Performance Improvement Plan" (PIP) shortly before the termination of her employment.  (Doc. 42-1, at 1.)  Plaintiff contends the PIP was "simply a tool designed by [Defendant's general manager] Sean Leonard to weed her out because of her age."  (*Id*.)

The discovery request at issue seeks documentation regarding other "reductions in force" executed by Defendant.  (Doc. 42-4, at 8, Request for Production No. 16.)  While other discovery was initially implicated by Plaintiff's

motion, Defendant indicates that "[t]he parties have resolved those issues and the only remaining issue is plaintiff's request for information regarding the December 2016 and June 2017 RIFs executed by Mr. Leonard."  (Doc. 43, at n.2.)  As such, this Order addresses only this portion of Plaintiff's Request No. 16.

## ANALYSIS

### I.   Standards for Discovery.

Fed. R. Civ. P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.  *Holick v. Burkhart*, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).

Discovery requests must be relevant on their face.  *Williams v. Bd. of County Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000).  Relevance is to be "broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information

sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991).

Once this low burden of relevance has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." *Sonnino v. University of Kansas Hosp. Authority*, 221 F.R.D. 661, 670–71 (D. Kan. 2004).[1]

## II.   Request No. 16 (Doc. 42-4, at 8).

Request for Production No. 16 seeks "[a]ll documents indicating the ages, names, and/or job titles of individuals selected as part of a layoff or RIF that occurred at ITW from January 2015 to present." (Doc. 42-4, at 8.) As stated

---

[1] The Court notes Defendant's contention that Plaintiff did not meet its burden to "meet & confer" prior to filing the present discovery motion as required by D. Kan. Rule 37.2. (Doc. 43, at 3.) While acknowledging that Plaintiff's counsel's attempts to confer were not ideal, the Court finds that they were within the spirit of D. Kan. Rule 37.2 – particularly given the fact that defense counsel had stated she would "follow up next week" but admittedly did not do so. (*Id.*)

above, only remaining issue relates to the December 2016 and June 2017 RIFs executed by Mr. Leonard.  (Doc. 43, at n.2.)

Plaintiff argues that these charts are relevant because Leonard "began systematically removing the company's older employees from the day he started at ITW in 2016" and three age discrimination complaints were filed against him in June of 2018.  (Doc. 42-1, at 5.)  Plaintiff argues that "[t]here is no question that the December 2016 and June 2017 RIF charts will show that Sean Leonard was targeting older employees during his first two years at ITW."  (*Id*.)  Plaintiff continues that these RIF charts are relevant to her discrimination claims and "will show a pattern and practice of discrimination at ITW."  (*Id*.)

In response to the document request, Defendant objects "to the extent it invades the attorney-client privilege and/or the work-product doctrine."  (Doc. 42-4, at 8.)  These objections were not discussed in Defendant's responsive brief and are therefore waived.

Defendant also objects that Request is overbroad and unduly burdensome as to the use of the word "'all' because it is impossible to represent, even after diligent search, that each and every piece of responsive information falling within every category has been identified and produced."  (Doc. 42-4, at 8.)  The undersigned Magistrate Judge has previously and specifically held that objecting to the use of the term "all" in a discovery request is "hyper-technical" and would

"make the vast majority of document requests in any litigation objectionable."

***Mayhew v. Angmar Medical Holdings, Inc.***, No. 18-2365-JWL-KGG, 2019 WL

5556135, at * (D. Kan. Oct. 28, 2019.)

> The Court anticipates that parties involved in litigation
> surmise that 'all' encompasses each, and the entirety, of
> documents compiled after a party, with assistance of
> counsel, employs due diligence to collect and produce
> every non-privileged document responsive do a
> discovery request to the best of their ability.

*Id*.

Further, as to Request No. 16, the use of the word "all" has been qualified to

limit the request to information within the scope of discovery and avoiding

ambiguity. *See **Harrington, et al. v. State of Kansas***, No. 20-4081-HLT-KGG,

2021 WL 5505452, at *3 (D. Kan. Nov. 24, 2021) (discussing term "each and

every"). The information sought by Plaintiff herein is both relevant and

sufficiently tailored. *See id*., at *13. Defendant's overbreadth objection is

**overruled**.

Defendant next objects that this Request is "temporally, geographically, and

substantively overbroad" because documents "for any layoff and RIF decisions

made since January 2015 for any ITW employees, at any location, for any reason,

by any decision maker, are not reasonably calculated to lead to the discovery of

admissible evidence." (Doc. 42-4, at 8.) As an initial matter, the Court instructs

Defendant that the Federal Rules of Civil Procedure abandoned the "not reasonably

calculated standard" standard approximately seven years ago with the 2015 amendments to Rule 26(b).  Federal Courts now analyze whether the information requested is the "proportional to the needs of the case."  ***Mayhew v. AngMar Medical Holdings, Inc.***, No. 18-2365-JWL-KGG, 2019 WL 5535243, at n.1, n.2 (D. Kan. Oct. 25, 2019) (citing Fed.R.Civ.P. 26(b)).  *See also* ***Frick v. Henry Industries, Inc.***, 13-2490-JTM-GEB, 2016 WL 6966971, at *5 (D. Kan. Nov. 29, 2016).

As to the issue of overbreadth, Defendant continues that "Plaintiff has not articulated how she is entitled to information about RIFs executed by Mr. Leonard – who was not the ultimate decision maker for the restructure at issue in this case." (Doc. 43, at 5.)  In her motion, however, Plaintiff specifically alleges that she was "placed on a grossly unfair" PIP "at the direction of … Sean Leonard."  (Doc. 42-1, at 1.)  Therefore, Plaintiff has, for purposes of this motion, adequately established how information regarding RIFs executed by Leonard are proportional to the needs of this case.

Defendant argues that this District "regularly recognizes three years (or less) as the benchmark for reasonableness" in temporal scope of a discovery request in cases such as this.  (Doc. 43, at 4-5.)  Defendant argues that Plaintiff has failed to articulate any reason to allow the discovery of information relating to RIFs some three years and three months (June 2017) and three years and nine months

(December 2016) before the September 28, 2020, restructure at issue in this case. (*Id*.)

The three year "benchmark" to which Defendant refers is not an absolute line drawn in the sand in this District.  Further, Plaintiff has established the facial relevance of this information, which goes back only a matter of months beyond three years.  Defendant's objection is **overruled**.

Finally, the Court notes that in the "questions presented" portion of its responsive brief, Defendant infers the information implicated by this document request is "confidential."  (Doc. 43, at 2.)  Although the issue of confidentiality is not further discussed in Defendant's briefing, to the extent Defendant is raising a confidentiality objection, the Court **overrules** the same.

> It is well-settled that confidentiality does not act as a bar to discovery and is not grounds to withhold documents or information from discovery.  'A concern for protecting confidentiality does not equate to privilege.'  While a confidentiality objection may be appropriate when a party seeks a protective order limiting the parties' use or disclosure of confidential information, it is generally not a valid objection to withholding discovery altogether.

*High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 2011 WL 4008009, at *1 (D. Kan. Sept. 9, 2011) (citations and footnotes omitted).  *See also Kendall State Bank v. West Point Underwriters, LLC*, No. 10-2319-JTM-KGG, 2013 WL 593957, at *2 (D. Kan. Feb. 15, 2013) (holding that "'privileged' and 'confidential' are two distinct concepts.")

7

Any "confidential" documents can be produced in accordance with the Protective Order entered in this lawsuit. (Doc. 11.) Defendant is specifically instructed to redact identifying information and Social Security numbers, if any, in any such documentation produced in accordance with the Protective Order.

Having overruled Defendant's objections to the portion of Request No. 16 at issue, Plaintiff's motion is **GRANTED**. Defendant is instructed to provide a supplemental response **within 30 days of the date of this Order**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (Doc. 42) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 29th day of March, 2022, at Wichita, Kansas.

s/ KENNETH G. GALE
HON. KENNETH G. GALE
U.S. MAGISTRATE JUDGE