IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DEBRA FULLINGTON,**     **Plaintiff,**  v.  **ILLINOIS TOOL WORKS, INC.,**     **Defendant.** | Case No. 21-2287-DDC-KGG |

## MEMORANDUM AND ORDER

Plaintiff Debra Fullington has responded to defendant Illinois Tool Works, Inc.'s Motion for Summary Judgment. Among the exhibits supporting her Response, plaintiff seeks leave to file 13 of those exhibits under seal. *See* Doc. 52. The court won't rule plaintiff's sealing motion at this time. Instead, it orders defendant to respond, for reasons explained below.

The public has a "general right to inspect and copy public records and documents[.]" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Thus, there's a presumption that the public should have access to judicial records. *Id.* at 602. To overcome this presumption, "'the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process.'" *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)).

Plaintiff seeks leave to file 13 exhibits under seal. The only reason plaintiff gives for filing these exhibits under seal is that the identified exhibits contain information that defendant has designated as confidential under this case's protective order. Doc. 52 at 1. But, that fact, on its own, doesn't suffice to overcome the presumption favoring public access to judicial records.

*See Helm*, 656 F.3d at 1292 ("[T]he parties cannot overcome the presumption against sealing judicial records simply by pointing out that the records are subject to a protective order in the district court."); *see also JetAway Aviation, LLC v. Bd. of Cnty. Comm'rs*, 754 F.3d 824, 826–27 (10th Cir. 2014) (reminding that "[c]ontrolling precedent in this circuit . . . explicitly rejects" designating materials as confidential under a protective order "as a sufficient justification for sealing documents").

Plaintiff hasn't made any showing to overcome the presumption of public access to judicial records. In fact, plaintiff's motion tacitly admits that it doesn't meet the legal standard for filing the requested documents under seal. Plaintiff concedes that she filed this sealing motion only because defendant had designated certain documents as confidential. Given that history, the court orders defendant to respond to plaintiff's sealing motion within seven days of this Order. *See Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (explaining that the party seeking to deny the public access to judicial records must shoulder the burden to establish that sufficiently significant interests "heavily outweigh the public interests in access" (quotation cleaned up)). Defendant should explain its position whether there are sufficiently significant interests to outweigh the public's presumed access to judicial records.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant must respond to plaintiff's Motion for Leave to File Under Seal (Doc. 52) within seven days of this Order, by May 11, 2022.

**IT IS SO ORDERED.**

**Dated this 4th day of May, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
