IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DEBRA FULLINGTON,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ILLINOIS TOOL WORKS, INC.,**<br><br>**Defendant.** | Case No. 21-2287-DDC-KGG |

### MEMORANDUM AND ORDER

Plaintiff Debra Fullington seeks leave to file under seal 13 exhibits supporting her response to defendant Illinois Tool Works, Inc.'s Motion for Summary Judgment. *See* Doc. 52. Because plaintiff's only reason for sealing the 13 exhibits was that defendant had designated them as confidential under this case's protective order, the court ordered defendant to respond to plaintiff's motion. Doc. 55. Defendant now has responded. *See* Doc. 57. After considering defendant's arguments, the court grants the sealing motion in part and denies it in part.

The public has a "general right to inspect and copy public records and documents[.]" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Thus, there's a presumption that the public should have access to judicial records. *Id.* at 602. To overcome this presumption, "'the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process.'" *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *see also Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (explaining that the party seeking to deny the public access to judicial records must shoulder the burden to establish that sufficiently significant interests "heavily outweigh the

public interests in access[,]" and that district courts exercise discretion when deciding whether a party has met that burden (quotation cleaned up)).

At the outset, defendant doesn't address six of the exhibits that plaintiff moves to seal. The presumption of public access to judicial records thus remains in place, and plaintiff must file those exhibits on the public docket. Those exhibits are: Exhibits 13 (Doc. 52-4), 15 (Doc. 52-6), 20 (Doc. 52-8), 21 (Doc. 52-9), 23 (Doc. 52-10), and 31 (Doc. 52-13). The court denies the part of plaintiff's motion seeking leave to file those six exhibits under seal.

Defendant divides the remaining seven exhibits into three groups. Defendant advances different arguments why each group should remain under seal. The court addresses each argument, in turn.

*First*, defendant argues that Exhibits 7 (Doc. 52-1) and 30 (Doc. 52-12) should remain under seal because they contain "confidential information regarding defendant's previous reductions in force and its confidential personnel decisions, as well as non-public personal information of non-parties." Doc. 57 at 3. These two exhibits identify the employees who defendant terminated and those it didn't during three separate reductions in force. But the exhibits merely identify the various employees' job titles and ages. They don't identify the employees' names or defendant's reasons for terminating some employees and not others. Aside from defendant's conclusory assertions that these exhibits are "proprietary and sensitive[,]" *id.*, the court can't discern why the public shouldn't have access to them. So, the court denies plaintiff's motion to file Exhibits 7 and 30 under seal.

*Next*, defendant contends that Exhibits 10 (Doc. 52-2), 11 (Doc. 52-3), 14 (Doc. 52-5), and 19 (Doc. 52-7) contain "unsubstantiated complaints regarding defendant's leadership team[.]" Doc. 57 at 4. Defendant argues that public access to these exhibits "could harm

2

defendant's current business relationships and affect defendant's future business prospects by allowing the disclosure of false accusations regarding the way defendant serves its customers and treats its employees." *Id.* But defendant doesn't explain how these complaints implicate commercially sensitive information about its structure and operations, its strategies and motivations during negotiations, or third parties' business practices, as the sealed exhibits did in defendant's cited cases. *See James v. Boyd Gaming Corp.*, No. 19-2260-DDC-JPO, 2020 WL 4569153, at *2 (D. Kan. Aug. 7, 2020); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-MD-2785-DDC-TJJ, 2019 WL 2357374, at *2–3 (D. Kan. June 4, 2019). But, as defendant highlights, three of the exhibits—Exhibits 10 (Doc. 52-2), 11 (Doc. 52-3), and 14 (Doc. 52-5)—contain names of non-parties whose conduct isn't relevant to this lawsuit. While that's not a reason to seal those exhibits entirely, the court will allow plaintiff to redact the names of those individuals who defendant has identified in its Response, *see* Doc. 57 at 5: the individual referenced throughout Exhibits 10, 11, and 14; and the 23 individuals listed in Exhibit 11. But plaintiff must publicly file those redacted exhibits. Defendant makes no specific showing that Exhibit 19 (Doc. 52-7) contains any non-party's personal information. So, plaintiff must file that exhibit publicly.

*Last*, defendant identifies Exhibit 25 (Doc. 52-11) as a "private, instant messaging conversation between two of defendant's employees . . . in which non-parties are mentioned." Doc. 57 at 5. Defendant suggests that plaintiff redact "the messages from 4:58–4:59 and 5:19–5:22" because the messages sent during those periods discuss sensitive information about non-parties. *Id.* at 6. The court agrees with this narrow suggestion. Plaintiff must redact those messages and then publicly file the redacted exhibit.

3

In sum, the court orders plaintiff to perform the following within **10 days** of this Order's filing date:

- **File publicly** redacted versions of Exhibits 10 (Doc. 52-2), 11 (Doc. 52-3), 14 (Doc. 52-5), and 25 (Doc. 52-11), consistent with the details of this Order; and

- **File publicly** Exhibits 7 (Doc. 52-1), 13 (Doc. 52-4), 15 (Doc. 52-6), 19 (Doc. 52-7), 20 (Doc. 52-8), 21 (Doc. 52-9), 23 (Doc. 52-10), 30 (Doc. 52-12), and 31 (Doc. 52-13).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Leave to File Under Seal (Doc. 52) is granted in part and denied in part, as explained in full in this Order.

**IT IS FURTHER ORDERED THAT** plaintiff must follow the instructions that the court has outlined above within **10 days** of this Order's filing date.

**IT IS SO ORDERED.**

**Dated this 16th day of May, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
